# Fidelity Title & Trust Co., for use *v.* Peoples Natural Gas Co., Appellant.

*Fire Insurance—Release—Parol evidence to explain written agreement.*

The use plaintiff, under stress of suit by the nominal plaintiff, paid a fire loss resulting from alleged negligence of the defendant by which an explosion of natural gas occurred which damaged and set on fire the property of the nominal plaintiff. The nominal plaintiff, in consideration of a sum named, released the defendant " from all claims of every kind arising out of the explosion, it being understood that the release did not affect the claim of the property owners against insurance companies for loss occasioned by fire, and which claim the property owner shall be entitled to receive in addition to and independently of the sum paid by the defendant." *Held* that the release was no bar to an action by the use plaintiff to recover the amount of the fire damages from the defendant; and parol evidence was inadmissible to show that the intention of the parties was to bar a recovery for damages by fire as well as by explosion.

*Subrogation of insurer to rights of insured—Right to sue—Practice.*

An insurance company can, in such case, maintain a suit in the name of the insured for the loss from fire paid by it, without an assignment of the claim or formal order of subrogation to its rights, against a party whose negligence it is alleged caused the fire.

Argued Oct 29, 1891. Appeal, No. 144, Oct. T., 1891, from judgment of C. P. No. 1, Allegheny Co., June T., 1891, No. 161, on verdict for plaintiff in trespass, for negligence in causing damages by fire. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

The action was brought in the name of "the Fidelity Title & Trust Co., trustees of the estate of Jas. Patterson deceased, for use of Ins. Co. of North America," to recover from defendant the amount paid by the use plaintiff to the Fidelity Co. upon a policy of fire insurance on the Patterson block, in Pittsburgh.

The evidence, on the trial before SLAGLE, J., was to the effect that the use plaintiff and other insurance companies had issued policies on the Patterson block. On Oct. 19, 1887, an explosion of natural gas occurred there, which caused damage to persons and property by the explosion and by fire.

On Dec. 30, 1887, the following agreement was signed:

"It is agreed by and between the Fidelity Title & Trust Co. as trustee of the Patterson property, and The People's Natural Gas Co., as follows:

"The said first party in consideration of the payments hereinafter mentioned by the said second party to be made, do hereby release and acquit the said second party from and against all claims and demands of every kind of the said first party, arising out of or occasioned by the explosion in the Patterson block on Oct. 19, 1887, including claims for loss or suspension of rent by the tenants of said first party.

"In consideration of said release and acquittance, the said second party agrees to pay the sum of three thousand two hundred and fifty dollars ($3,250), payable one thousand dollars in cash on the signing of this agreement, and the balance in a negotiable note at six months, endorsed by J. N. Pew, the discount on said note to be paid on the signing of this agreement.

"And the said second party further agrees to cause, at its own expense, the entrance or approach to the Bijou Theatre, in the said Patterson block, to be fully repaired and the ornamentation and fixtures thereof to be restored, and in all respects to make said entrance and everything therewith connected in as good a condition as they were just before the said explosion on Oct. 19, 1887. The said work and repairs to be done and completed within thirty-five days from the date hereof. The said first party agrees to pay said second party ten per cent. of the actual cost of said repairs upon the payment by said second party of the note above referred to.

"It is understood that the foregoing settlement and release do not affect the claim of said first party against insurance companies for loss occasioned by fire, and which claim said first party shall be entitled to receive in addition to and independently of the sum paid by second party."

The agents of the Fidelity Title & Trust Co. appraised the total loss by fire at $1750.99, of which the proportionate share of the Ins. Co. of North America was fixed at $175.13. This amount with interest ($182.80) was recovered Oct. 19, 1888, against the Ins. Co. of North America (123 Pa. 523) after an unsuccessful attempt to interpose the above release as a defence.

Plaintiff in this case offered the insurance policy, proof of loss and record of former suit showing judgment and execution thereon. The court admitted this evidence to show the proceedings, verdict and payment, but not as fixing the amount of the liability of the defendant here.

James Wherry, one of the appraisers for the Fidelity Co., was then called, who testified to the effect that he with others had appraised the loss by fire at $1,750, that the result was arrived at by measurement and items, but that he could not now give items, and a memorandum containing them was lost.

George P. Hamilton, trust officer for the Fidelity Co., testified for the plaintiff as to the character of the damage by fire, but did not give any amount except to state the amount contained in the appraisement. He further testified that the appraisement as to fire and explosion was made by separate items, that it was submitted to Mr. Pew, the president of the People's Natural Gas Co., who reduced the estimate on the entire loss, and, after the Fidelity Co. accepted the modification, the amount of the fire loss that remained was $1750.99. The whole amount necessary to put the building in condition, less the fire loss, was estimated to be about $3,250. "Q. Didn't you tell Mr. Pew at the time these negotiations were pending that if he paid for the loss by the explosion he would be discharged by the company from the loss by fire? A. The understanding was that Mr. Pew, as far as the Fidelity Co. was concerned, was not to be held responsible. Mr. Pew's company was not to be held responsible for the fire loss; if we didn't succeed in getting the fire loss from the insurance company, why we had no right to recover from him; that was the understanding and he was so told. Q. That you would give up your right of action against the People's Co. provided he would arrange for the payment of loss by explosion? A. If he would pay the $3,250 we would acquit him of all the loss occasioned by the explosion, all liability to the Fidelity Company; that was the understanding." The witness further testified that the greatest loss in the Bijou entrance was caused by the explosion, and that was all repaired by the People's Gas Co., that was mostly an explosion loss, very little fire in there. The ten per cent., mentioned in the release, was paid by the Fidelity Co.

The policy of insurance, offered in evidence, contained the following:

"III. Prohibitions and circumstances and conditions under which this policy will become null and void.—Gunpowder, fireworks, nitro-glycerine, phosphorus, naphtha, benzole, benzine, benzine varnish, camphene, spirit gas, gasoline, phosgene or burning fluid, or any similar inflammable fluid, are positively prohibited from being deposited, stored, kept or used in any building on which, or on the contents of which, there is any insurance under this policy, unless by special consent expressed in the body of the policy, naming each article specifically— otherwise the insurance by this policy shall be void. . . . . "

Witnesses testified that the natural gas was used for illuminating purposes, and that it was put into the old artificial gas pipes by the tenants.

The court charged, *inter alia*, that the former suit was " not conclusive as to the amount of the loss, nor even evidence as to that, against the People's Natural Gas Co. It was not a party to that suit, and therefore not bound by that judgment, and the record of that case is in no wise offered here as evidence of the liability of this defendant. It was offered and admitted simply for the purpose of showing that the Insurance Co. had been compelled to pay this money to the Fidelity Title & Trust Co., and that it was not a volunteer in making this payment. The Insurance Co., having paid that money to the Fidelity Title & Trust Co., the owner of the property, alleges that this fire was the result of the negligence of the People's Natural Gas Co., and, if that is so, it has a right to bring and maintain this action, provided it satisfies you that the fire originated from the negligence of the People's Natural Gas Co."

Plaintiff's point, which was affirmed, was as follows:

"1. By the release in evidence made by the Fidelity Title & Trust Co., trustee of the Patterson property, to the People's Natural Gas Co., the latter company asserted the existence of a claim for loss by fire resulting from the explosion in the Patterson block on Oct. 19, 1887, against the different companies having policies covering loss by fire to said block, the evidence shows that this plaintiff, the Insurance Co. of North America, was one of the companies which had a policy at the time on

said block, and has paid the loss demanded from it.    Therefore the People's Natural Gas Co., this defendant, cannot now be heard to deny the validity of the claim or assert its release or extinguishment. [10]

Defendant's points were refused among others, as follows:

" 2. The jury are instructed as a matter of law that the written and sealed agreement of Dec. 30, 1887, and offered in evidence in this case, between the Fidelity Title & Trust Co., trustees, and the People's Natural Gas Co., wherein the first party, for a valuable consideration, did 'release and acquit the said second party from and against all claims and demands of every kind of the said first party arising out of or occasioned by the explosion in the Patterson block, on Oct. 19, 1887,' is a complete bar to any further recovery on the part of said first party or its assigns against the People's Natural Gas Co., and the verdict must be for the defendant. [1]

" 3. If the jury find as a matter of fact that the Fidelity Title & Trust Co., trustee, has hitherto completely and fully discharged and released the People's Gas Co. from any further claim for damages either by fire or explosion, and that, in consideration for said release from all further liability, the People's Gas Co. paid a large sum of money and assumed and bound itself to restore to its former condition certain portions of the building injured or destroyed, then the verdict must be for the defendant, provided such settlement was made before said insurance company had paid its proportion of the loss to the assured. [2]

" 4. The jury are instructed that the adjustment of the fire loss between the assured and the insurer is not conclusive against the People's Natural Gas Co., and as no sufficient evidence has been adduced to establish accurately and according to law the extent of the loss by fire, the verdict must be for the defendant. [3]

" 5. The nominal plaintiff in this case cannot recover because it has executed a release, nor can the insurance company recover in its own name because it has no legal relation or connection with the defendant, nor can it recover in the name of the nominal plaintiff in this case because it shows no assignment or transfer permitting it to use the name of said company, or any demand for such assignment. [4]

"6. The jury are instructed as a matter of law that, as the uncontradicted evidence shows the extensive use of natural gas, by the tenants of the assured, for illuminating purposes, in the basement of the Patterson block, at and within the period of the alleged explosion of natural gas, and as consent to so use this gas for illuminating purposes does not appear within the body of the insurance policy or attached to and made a part of the same, the policy of insurance by its terms and provisions became null and void, and the verdict must be for the defendant. [5]

"7. The jury are instructed if they find as matters of fact that natural gas with a varying and uncertain pressure was extensively used for illuminating purposes by the tenant or tenants of the assured in the basement of the Patterson block at the date of the alleged explosion, and that the same was unskillfully introduced into and conducted through old and defective pipes, formerly used for artificial gas, without the consent of the insurance company, then said induction and use of said gas for illuminating purposes was contrary to the provisions of the policy of insurance by reason (1) of the prohibited use of dangerous gases without specific consent first obtained and made a part of the policy, and (2) through the increase in the hazard; and the verdict must be for the defendant. [6]

"10. As the evidence of Mr. Hamilton, a witness for the plaintiff, shows that the People's Natural Gas Co. paid or assumed a portion of the fire loss by its restoration to its former condition parts of the insured premises injured by fire and explosion, the jury are instructed that the plaintiff in this case cannot recover from the said gas company the entire amount paid on said policy, which payment was admittedly for the full amount of the proportionate share of the entire loss, but said jury must credit said gas company to the extent of the fire loss paid by said gas company to the nominal plaintiff in this case, and if the jury are unable to determine the same with a reasonable degree of accuracy, then the verdict must be for the defendant. [7]

"11. As the testimony of Mr. Hamilton, a former officer of the Fidelity Title & Trust Co., the nominal plaintiff in this case, shows that the said company intentionally and purposely

released and discharged the People's Natural Gas Co. from its claim for the fire loss on said Patterson block, and that said release was based upon mutual and valuable considerations, the verdict must therefore be for the defendant in this case. [8]

"12. If the jury find as a matter of fact that it was the intention of the nominal plaintiff in this case to release the defendant from the loss by fire under the written agreement of · Dec. 30, 1887, and the same was based on a valuable consideration, the verdict must be for the defendant."[9]

Dec. 10, 1890, verdict for plaintiff for $206.32, and judgment thereon. Defendant thereupon appealed.

*Errors assigned* were (1–10) answers to points, quoting them as above.

*George Shiras 3d*, for appellant.

*Isaac S. Van Voorhis*, with him *W. B. Rodgers*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, June 2, 1892.

The specifications of error in this case are founded upon the answers to the points submitted by the parties. The first and most material question raised by them is, whether the agreement on December 30, 1887, between the Fidelity Title & Trust Co., as trustee of the Patterson property, and the Peoples Natural Gas Co. appellant, is a bar to this action. In Ins. Co. of North America v. Fidelity Title & Trust Co., 123 Pa. 523, the present appellee unsuccessfully contended that this agreement released the Peoples Natural Gas Co. from liability for fire loss, and consequently constituted a bar to the action against the insurance company to recover its proportion of the same. If this loss was caused by the negligence of the Peoples Natural Gas Co., the liability for it was on such company, and the position of the insurer was that of a surety who is discharged by a settlement or agreement which releases the principal. It became necessary, therefore, in the case cited, to construe the agreement in question, and determine whether it operated as a release of the Peoples Natural Gas Co. from liability for the fire loss. If it did, it also operated as a discharge of the insurance company from its liability upon its covenants in reference to the same. It was held that the rights and obligations of the parties respecting the fire loss were not affected by the agreement. The reasons for this conclusion

were clearly and forcibly stated by our brother WILLIAMS, who delivered the opinion of the court, and it is not necessary to repeat them here. It is sufficient, on this branch of the case, to say that nothing was developed on the trial of the present issue which affords any ground for modifying the written agreement, or suggests any doubt of the correctness of the former construction of it.

The language objected to in the appellee's point, which was affirmed, was taken from the opinion in Ins. Co. v. Fidelity Co., supra, and, as there used, manifestly means that the gas company, having expressly excepted the fire loss from, could not afterwards be heard to allege that the claim for it was invalidated and extinguished by, the agreement. It is equally manifest that this is the sense in which it was used and understood in the court below, because the instructions to the jury were explicit and emphatic that there could be no recovery unless it was found from the evidence that the loss was caused by the negligence of the appellant company, and that, in ascertaining the amount of the loss, the judgment against the insurance company could not be considered. In the light of these instructions, and the fact that the utmost latitude was allowed for a defence on the merits, the criticism of the affirmance of the appellee's point seems groundless.

The construction of the written agreement was for the court, and the refusal to allow the jury to find what the parties meant by it was so obviously proper, that no argument or citation of authority is required for its vindication.

An assignment of the claim by the Fidelity Title & Trust Co., or a formal order of subrogation to its rights, is not necessary to the maintenance of the suit in its present form. The facts which entitle the appellee to such subrogation appear in evidence, and are undisputed, and the Fidelity Co. makes no objection to the use of its name in the enforcement of the claim.

There is no evidence in the case which warrants an inference of collusion between the Fidelity Co. and the appellee in the suit on the insurance policy, or that the appellee had any defence to the action which it neglected to make. It did not allege that the policy was void by reason of a violation of its conditions, and it is not apparent now that there was any

ground for such a defence. Besides, it is not clear that the appellee owed any duty to the appellant to make this defence, if it existed. The liability of the appellant for the loss in question is grounded on its own negligence, and is primarily to the owner of the property damaged thereby. This.liability was not affected by the agreement of Dec. 30, 1887, and the present action is simply in enforcement of it.

We think the evidence was sufficient to enable the jury to find, without difficulty and with reasonable certainty, the amount of the fire loss. It was this loss which was excepted from the agreement, and deducted from the estimate of the total loss, as revised by the president and agents of the appellant company, and it was testified to by James Wherry, one of the appraisers appointed by the Fidelity Co. to ascertain it.

The specifications are overruled.

Judgment affirmed.