NOTE.—Section 42 of the Banking Act of 1923 is the same as section 42 of the Act of May 21, 1919, P. L. 209.

---

## Continental Auto Insurance Ass'n v. International Motor Co.

*Practice, C. P.—Insurance—Subrogation of insurer to rights of insured—Right to sue.*

1. Where an insurer pays damages and seeks recovery from the party responsible therefor, it can base its right to recovery either upon the equity of subrogation or by virtue of an assignment from the party damaged.

2. The insurer, however, can maintain its action only in the name of the insured, to the use of the insurer, or in the name of the assignor, to the use of the assignee.

Statutory demurrer. C. P. Lehigh Co., Jan. T., 1923, No. 114.

*Dewalt & Heydt,* for plaintiff; *Aubrey, Steckel & Senger,* for defendant.

RENO, J., Feb. 19, 1923.—The Continental Auto Insurance Association insured Alexander J. Lucas against accidents to his automobile, which was damaged in a collision with defendant's truck. The insurance carrier paid the damage and now seeks recovery from defendant, basing its right to recover both upon the equity of subrogation and an assignment by Lucas of his claim against defendant. The plaintiff is described as "Continental Auto Insurance Company, assignee of Alexander J. Lucas." Defendant's statutory demurrer raises these questions for decision: (a) Whether the claim is assignable; and (b) whether plaintiff may maintain the action in its own name?

Conceding that the equity of subrogation is available to plaintiff, it exists independently of the assignment: Fidelity Title and Trust Co. v. People's Gas Co., 150 Pa. 8. The assignment merely recognized that which the law created. Hence, plaintiff might well have rested entirely upon its equity without resorting to the assignment. The assignment merely added another string to plaintiff's bow and detracts nothing from the equity. Or, plaintiff might have rested upon the assignment, for it well settled that a chose in action arising out of a trespass to personal property is assignable: North v. Turner, 9 S. & R. 244, per Gibson, C. J. However viewed, plaintiff certainly has a good cause of action.

But it is quite well settled that such action must be instituted in the name of the insured, to the use of the insurer, or in the name of the assignor, to the use of the assignee: Fidelity Title and Trust Co. v. People's Gas Co., 150 Pa. 8; American Ins. Co. v. Fidelity Title and Trust Co., 123 Pa. 523; Evans v. Greenwood, 21 Dist. R. 879. The case of Mutual Fire Ins. Co. v. Showalter, 3 Pa. Superior Ct. 452, which is cited against this proposition, expressly affirms this principle, although there it was not enforced because of an agreement of the parties entered upon the record. However, this defect is amendable: Miller v. Pollock, 99 Pa. 202. This conclusion requires us to sustain the statutory demurrer, but the order will afford plaintiff an opportunity to amend.

Now, Feb. 19, 1923, the statutory demurrer is sustained. Plaintiff may present petition to amend within fifteen days.

From James L. Schaadt, Allentown, Pa.