Potoczny (et al., Appellant) *v.* Vallejo.

Argued September 25, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

378

*Israel K. Levy,* with him *James Francis Ryan,* Assistant City Solicitors and *Frank F. Truscott,* City Solicitor, for appellant.

*David Kanner,* for appellee.

*James H. Lyons,* for original plaintiff.

OPINION BY ARNOLD, J., January 17, 1952:

Henry Potoczny brought an action of trespass against the defendant for personal injuries received by him while he was on duty with the Bureau of Fire of the City of Philadelphia. The defendant was duly served with the complaint which claimed, inter alia, for loss of wages during his incapacity. The City of Philadelphia, intervened as a party plaintiff or use-plaintiff, for the reason that under the Act of 1935, P. L. 477, as amended, 53 PS §327, it was required to pay the plaintiff fireman, injured in the course of his employment, his regular wages during the period of his incapacity. This order of intervention was made by one of the judges of the municipal court, but not the judge who tried the instant case.

The defendant did not enter an appearance nor file an answer, and judgment was entered by default on the question of liability.

The case went to trial before a judge without a jury. The plaintiff offered no evidence concerning his loss of wages, which amounted to $45.35, but this was supplied by cross-examination. Neither plaintiff nor defendant objected to the city's subrogation,[1] but the court below entered judgment for the plaintiff only in the amount of $100, and refused judgment for plaintiff or the City of Philadelphia for the admitted loss of wages. The City of Philadelphia appealed.

We pass by the many extraordinary features of this case. The real question is whether or not the City of Philadelphia is entitled to subrogation to a recovery made by the plaintiff for the loss of wages which the city had to pay under the statute. The court below simply held that the right of subrogation did not exist. With this view we differ. In *Philadelphia v. Philadelphia Rapid Transit Company*, 337 Pa. 1, 10 A. 2d 434, a similar situation existed and the City of Philadelphia brought an independent action against the Transit Company to recover the payments made to injured firemen during the period of their incapacity. The plaintiffs themselves had brought their own trespass actions against the Transit Company. The Supreme Court held that any loss to the City must be redressed through the original actions of the plaintiff, i.e., subrogation. It also stated, p. 4: "The sums here paid by the city to the firemen were not strictly speaking wages. They were in the nature of disability compensation, similar to workmen's compensation payments and payments under an accident insurance policy and should be treated in the same manner. Such payments have al-

---

[1] Cf. *Gentile et al. v. Philadelphia & Reading Ry.*, 274 Pa. 335, 118 A. 223.

ways been disregarded in determining the amount of damages to which an injured plaintiff is entitled . . . The right to recover wages and expenses being in the individual fireman, whatever right the city has to recover the payments made by it must of necessity be based upon the equitable doctrine of subrogation . . . [which] can only be enforced in the original action and not in a separate suit in the name of the city . . . If the city wished to assert its right to recover the payments made against defendant, it should have intervened in the suit brought by the firemen . . . The policy of the law is opposed to the splitting up of actions . . . *As the city could have intervened in the original suit to claim its outlays,* it cannot maintain this separate and independent action." (Italics supplied).

This case was pointed out to the court below but it took the position that the above quoted portions were merely dicta. If they were dicta (which we doubt), they no longer are, for we hold that the City is entitled to subrogation in accordance with the above quoted opinion of the Supreme Court. See also *Insurance Co. of N. A. v. Fidelity Etc. Co.,* 123 Pa. 523, 16 A. 791; and *Fidelity Title & Trust Co. for use v. Peoples Natural Gas Co.,* 150 Pa. 8, 24 A. 339. The doctrine of subrogation is based "on considerations of equity and good conscience . . . to promote justice . . . [and] is granted as a means of placing the ultimate burden of the debt upon the person who should bear it."[2] It is not a matter of contract nor of privity.[3] It "may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious acts of another."[4] "It is a device adopted by equity to

[2] *Gildner v. First National Bank & Trust Co. of Bethlehem,* 342 Pa. 145, 157, 19 A. 2d 910.

[3] *First National Bank of Ashley v. Reily,* 165 Pa. Superior Ct. 168, 172, 67 A. 2d 679.

[4] 50 Am. Jur., Subrogation, §36, page 706.

compel the ultimate discharge of an obligation by him who in good conscience ought to pay it."[5]  In the Restatement, Restitution, §76, the rule is stated: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." And §162 reads: "Where property of one person is used in discharging an obligation owed by another . . ., under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee . . ."

To refuse subrogation in the instant case is merely to permit the defendant to get a benefit from the discharge of a duty by the city which, as between him and the city, should have been discharged by him.

Where a loss is sustained the courts will never hold that no remedy is available, unless such conclusion is compelled. There is no compulsion of the law here. It is not right that the defendant be relieved from paying an item of damages directly and exclusively caused by his own negligence.

The facts are not in dispute and we therefore reverse the judgment of the court below and direct it to enter judgment in favor of the plaintiff in the sum of $100; and in favor of the City of Philadelphia, use-plaintiff or intervenor, in the sum of $45.35, with costs, including this appeal.

---

[5] 50 Am. Jur., Subrogation, §2, page 678.