## Helm's Express, Inc., v. Savage

Before Carson, P. J., Cummins and Weiner, JJ.

*Bloom, Bloom & Yard*, for plaintiff.

*Francis H. Patrono*, for defendant.

WEINER, J., November 1, 1956.—The Helm's Express, Inc., has brought a suit in trespass against defendant, W. L. Savage, at the above number and term, in which plaintiff seeks to recover certain damage allegedly caused by the negligence of defendant as a result of which alleged negligence the truck and trailer of plaintiff upset. The damages claimed are for the amount paid by plaintiff to the consignee by reason of the loss or damage to the cargo and for the cost to plaintiff of the salvage operation of the cargo, resulting from the said accident.

To the complaint defendant has filed preliminary objections, raising the question of the right of plaintiff to recover for the damages paid to the consignee and whether the carrier, under such circumstances, may bring a suit for such damages in its own name against

a third party allegedly responsible for the damages thus sustained.

Following the filing of these preliminary objections plaintiff requested leave, which was granted, to file an amended complaint to which the same preliminary objections were filed and the matter is now before the court on these objections.

Stated briefly, the question thus raised is whether a carrier, who has paid its shipper for goods damaged in transit due to the negligence of a third party, may then be subrogated to the rights of its shipper and thus be permitted to maintain a suit in its own name against the said third party to recover the damages so paid.

In consideration of this question we must accept as true all the allegations set forth by the complaint and the amended complaint. Plaintiff at the time of this accident was transporting a cargo of whiskey owned by Schenley Distillers, Inc., under a straight bill of lading which provided that the said carrier "shall be liable as at common law for any loss thereof or damage thereto", subject to certain exceptions not applicable to the case at bar. The effect of this clause therefore made this plaintiff liable to the shipper as an insurer, this being the liability of a common carrier for the loss of or damage to property received by it for transportation: Villari v. James, 155 Pa. Superior Ct. 155; Arabian American Oil Company v. Kirby & Kirby, Inc., 171 Pa. Superior Ct. 23.

It therefore follows that the payment by the carrier to its shipper, in the case at bar, was clearly its obligation under its contract or agreement with the shipper. Whether the amount thereof was properly determined will be a matter of proof at the trial of this cause. And likewise, whether the item for labor and services in connection with the salvage operations fol-

lowing the accident is fair, reasonable and proper, will be a matter of proof, subject to determination by a jury, if a jury trial results, or by the board of arbitrators, if subject to arbitration. The sole question now before the court is whether this plaintiff may bring this action in its own name against defendant for the damages thus described.

Defendant argues that there is no right of subrogation in this situation and that the action must be brought by the shipper, at least for the damages sustained by it. With this argument the court cannot agree. The doctrine of equitable subrogation has been extended so as to make it applicable in practically all cases where a person, pursuant to some legal liability, pays for a loss or damage resulting from the wrong or default of another. It is based on consideration of equity and good conscience as a means of placing the ultimate burden of a debt or obligation upon the person who should bear it: Gildner v. First National Bank and Trust Company of Bethlehem, 342 Pa. 145; Potoczny v. Vallejo, 170 Pa. Superior Ct. 377; 83 C. J. S., Subrogation, §2. It is not a matter of contract nor of privity: First National Bank of Ashley v. Reily, 165 Pa. Superior Ct. 168.

This principle is particularly applicable as between a carrier and a shipper where by the terms of the bill of lading the carrier his become an insurer. Where, in such cases, the carrier is required to pay any deficiency to the consignee caused by the negligent act of a third party, the carrier is, and rightfully should be, subrogated to the rights of the shipper against that person whose negligent act caused the shortage. This principle has been adopted in A. L. I. Restatement of the Law of Restitution §76, wherein it is stated: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself

and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

Where a loss is sustained, the courts will always seek to make available some remedy, unless there is a rule of law directly barring the same. It would be unfair and inequitable that defendant in this case be relieved from paying an item of damage which this plaintiff has been compelled to pay, by reason of the negligence of defendant, should it be determined in this action that the damage was directly and exclusively caused by defendant's own negligence. And because the principle of subrogation applies to the case at bar, plaintiff may maintain this action in its own name.

It is well established in Pennsylvania that subrogation may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious acts of another: Potoczny v. Vallejo, supra; 50 Am. Jur., Subrogation, §36, p. 706. Section 162 of A. L. I. Restatement of the Law of Restitution, reads: "Where property of one person is used in discharging an obligation owed by another . . . , under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee. . . ."

Accordingly, because equity and justice demand it and our law permits it, we make the following

### Order

And now, to wit, November 1, 1956, the preliminary objections filed by defendant are hereby overruled and defendant is given 20 days to file his answer to the amended complaint, if he shall so desire.