## Stockdill v. Segel

*Mutzabaugh & Mutzabaugh*, for petitioner.
*Will J. Schaaf*, of *Marsh, Spaeder, Bauer, Spaeder & Schaaf*, for defendants.

WOLFE, *P.J.*, May 22, 1979—Pennsylvania Manufacturer's Association Insurance Company (petitioner-intervenor) seeks to intervene in the captioned action to secure repayment to it from defendants of the amount petitioner has paid and will pay in the future to plaintiff, William W. Stockdill, under the appropriate provisions of the Pennsylvania Workmen's Compensation Act of

June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq. Defendants oppose the intervention.

Petitioner states if it is permitted to intervene it will seek repayment of the medical expenses and the income loss paid by it to plaintiff by reason of the Workmen's Compensation Act in that plaintiff, William W. Stockdill, was the employe of defendants at the time of his injury and the liability carrier for defendants has not paid these expenses. Under the Workmen's Compensation Act petitioner has paid to date a total sum of $9,118.52 and alleges it will continue to pay a weekly amount of $153.93. There is no allegation of the proposed complaint of petitioner if it is permitted to intervene whether the payments are for total or partial disability.[1]

Defendants oppose the intervention for the reason the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., has, by section 301 of article III abolished tort liability against a tortfeasor except in enumerated cases there provided. An exception, which is relevant to our ultimate decision is section 301(a)(5), 40 P.S. §1009.301, which permits a tort claim for damages for non-economic detriment if the accident resulted in death or serious and permanent injury or the reasonable value of reasonable and necessary medical and dental services exceed the threshold amounts of $750 and the work loss limits of $15,000. The exceptions also permit an action for medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities which continues for more than 60 consecutive days, and also permits

---

1. In either event it is immaterial to resolve the issue.

recovery for injuries which in whole or in part consist of cosmetic disfigurement which is permanent, irreparable and severe.

Plaintiff's complaint against defendants basically alleges facts which, if believable, would fall within the exception of the bar against tort liability. Defendant relies upon Dean Allen Phelps v. Red Star Express Lines, 61 Erie 186 (1978), and Allstate Insurance Company v. Southeastern Pennsylvania Transportation Authority, 5 D. & C. 3d 515 (1978).

In our view the holding of Dean Allen Phelps, supra, is not controlling. That case was an action by plaintiff seeking recovery for plaintiff's medical expenses and loss of earnings. Plaintiff reasoned since these damages were not paid by defendant but rather by a third-party workmen's compensation carrier, the subrogation rights provided in the Workmen's Compensation Act entitled plaintiff to recover against defendant without limitation. Defendant sought partial summary judgment on the ground these damages were previously paid to plaintiffs under the Workmen's Compensation Act and sought judgment limiting defendant's responsibility to "non-economic detriment." Hence, that action is not a true intervention action by the workmen's compensation carrier but rather an attempt by plaintiff to again, without limitations, seek recovery against defendants for amounts his workmen's compensation carrier had previously paid him. In effect, plaintiff sought to subrogate himself to the rights of his compensation carrier. The court held the No-fault Motor Vehicle Insurance Act admits of no exceptions and therefore since plaintiff was precluded from maintaining the action to recover his economic losses (i.e., medical expenses and loss of earnings), a fortiori any subrogation rights are subject to the same limitation.

In Allstate Insurance Company, supra, plaintiff filed a complaint "for indemnification for potential liability under the Pennsylvania Workmen's Compensation Act against [defendant]." This is a true attempt at intervention by the workmen's compensation carrier to subrogate itself to the rights of the injured employe to which it paid benefits. On preliminary objections the court dismissed the complaint, reasoning under the Pennsylvania No-fault Motor Vehicle Insurance Act the injured party having no right to sue a tortfeasor for a recovery of his economic loss, Allstate Insurance Company could not substitute itself to make out such a claim.

In the instant case petitioner argues, indeed recognizes, these limitations but uniquely advances the argument it is entitled to subrogate for all payments beyond the threshold amounts. We have not been presented with any cases on this narrow issue nor has our research discovered any and therefore consider this one of first impression.

Our review of the Workmen's Compensation Act under which plaintiff is receiving benefits does not speak to "non-economic detriment" which is defined as "pain, suffering, inconvenience, physical impairment, and other non-pecuniary damage recoverable under the No-fault Motor Vehicle Insurance Act." The Workmen's Compensation Act, whether for total or partial disability, mandates that the employer make payments to the injured employe based upon a percentum of the employe's wages over a period of stated weeks. In the event of specific loss or permanent injury the act likewise mandates a percentum of wage payments over a stated period. We find no provision under the Workmen's Compensation Act for the historical and customary intangible damage items for pain and suffering but the act does provide for a

schedule of payments for cosmetic disfigurement.[2] Section 531 of the Workmen's Compensation Act provides for medical services including surgical and medical supplies and also for a healing period.

Section 671 of the Workmen's Compensation Act, 77 P.S. §671, governs the rights of the employer or the employer's insurance company to subrogate and recover amounts paid by them to the injured employe against the responsible third party. As applicable to our issue this section provides in part: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer should be subrogated to the right of the employe, . . . against such third party to the extent of the compensation payable under this article by the employer. . . ."

The obligation of the employer is a set statutory amount that is paid to his injured employe incurred by reason of his employment. This amount does not take into consideration any items of intangible loss or as the No-fault Insurance Act terms "non-economic detriment." Thus, when a plaintiff seeks recovery beyond the limitations of the No-fault Insurance Act he is seeking an amount which the workmen's compensation carrier or the employer is not obligated to pay. To permit recovery by the workmen's compensation carrier in that instance, would, in effect, permit it to recoup its obligated payments, which it would otherwise be barred from doing so by reason of the No-fault Motor Vehicle Act, as well as amounts not paid by it. The insurance carrier's rights can rise no higher than plaintiff's rights under the latter act. The subrogation rights of the employer are limited under the Work-

2. 77 P.S. §513(22).

men's Compensation Act, "to the extent of the compensation payable under this article by the employer."

Our case law has held the doctrine of subrogation is founded on equitable considerations: Meehan v. Philadelphia, 184 Pa. Superior Ct. 659, 136 A. 2d 178 (1957): "The doctrine of subrogation is based on consideration of equity and good conscience. Potoczny v. Vallejo, 170 Pa. Superior Ct. 377, 380, 85 A. 2d 675 (1952). 'Subrogation is an equitable doctrine, and its basis is the doing of complete essential and perfect justice between all parties without regard to form; its object is the prevention of injustice.' Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, 541. (1925)."

We therefore conclude to grant intervention would permit petitioner to bring a tort action for those amounts under the threshold damages when plaintiff is barred from doing so. Likewise we conclude for those amounts of damages incurred by plaintiff that are of non-economic status exceeding the threshold amounts under the Pennsylvania No-fault Insurance Act may not be recovered by a third party liability carrier for the plaintiff's employer under the Workmen's Compensation Act.

The acts are not compatible but rather inapposite and bar petitioner from taking advantage of the claim of plaintiff for his non-economic detriment loss.

For these reasons we enter the following

### ORDER

And now, May 22, 1979, the petition of Pennsylvania Manufacturers' Association Insurance Company to intervene is dismissed.