NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1715
_____

PENNSYLVANIA INTERNATIONAL ACADEMY, LLC

v.

FORT LEBOEUF SCHOOL DISTRICT,
                                        Appellant


_____

No. 17-1762
_____

PENNSYLVANIA INTERNATIONAL ACADEMY, LLC,
                                        Appellant

v.

FORT LEBOEUF SCHOOL DISTRICT


_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-16-cv-00251)
District Judge: Hon. Arthur J. Schwab
_____

Argued January 24, 2018
_____

Before: HARDIMAN, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: February 13, 2018)

Bryan G. Baumann, Esq. [ARGUED]
Alexander K. Cox, Esq. [ARGUED]
Knox, McLaughlin, Gornall & Sennett, P.C.
120 West 10th Street
Erie, PA 16501

    *Counsel for Appellant/Cross-Appellee*


Thomas A. Pendleton, Esq. [ARGUED]
Dominick A. Sisinni, Esq.
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, PA 16507

    *Counsel for Appellee/Cross-Appellant*

————————

OPINION[*]

————————

SHWARTZ, <u>Circuit Judge</u>.

Plaintiff Pennsylvania International Academy, LLC (the "Academy") brought this action against Defendant Fort LeBoeuf School District (the "School District"), asserting that 24 Pa. Stat. Ann. § 13-1361(1) (the "busing statute") required the School District to provide free bus transportation to its students. The School District asserts that federal immigration law preempts the statute. We agree with the District Court that the immigration law does not preempt the busing statute and will affirm its order granting summary judgment on the Academy's claim for subrogation, but we will vacate its order declining to rule on the Academy's remaining claims and remand for further proceedings.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

I

The Academy operates a residential boarding facility for high school students (the "Students") who are F-1 visa holders[1] attending private school at Mercyhurst Preparatory School ("Mercyhurst") in Erie, Pennsylvania. For the six years prior to the 2016-2017 school year, the School District provided free bus transportation to the Students to and from Mercyhurst. Then, in June 2016, the School District notified the Academy that, because the Students were F-1 visa holders, the School District would charge the Students for their school transportation, at a cost of $765 per Student for the 2016-2017 school year. Rather than pay the approximately $87,975 the School District would have charged the Academy, the Academy arranged to provide transportation for the Students for that school year at a cost it originally estimated as $26,207.

The Academy filed this lawsuit against the School District in the Court of Common Pleas of Erie County, Pennsylvania, and the School District removed the case to the United States District Court for the Western District of Pennsylvania. The Academy sought: (1) a mandamus in the form of a permanent injunction requiring the School District to provide free transportation to its students (Count One); (2) subrogation of the $26,207 the Academy paid during the 2016-2017 school year to transport the Students to Mercyhurst (Count Two); and (3) damages in the amount of $26,207 for the School District's alleged deprivation of the Students' property right to free school bus

---

[1] F-1 visa holders are a class of nonimmigrants who enter the United States to attend school and plan on leaving the country after their course of study is complete. 8 U.S.C. § 1101(a)(15)(F)(i).

3

transportation without due process (Count Three).  The parties later amended the

damages amount to $29,774.10 in a stipulation that also converted the Academy's

contested motion to dismiss into cross-motions for summary judgment concerning

whether federal immigration law preempts the busing statute.

The District Court denied the School District's motion but granted the Academy's

motion on Count Two and ordered the School District to reimburse the Academy for the

money it paid to transport the Students.  Pa. Int'l Acad., LLC v. Fort LeBoeuf Sch. Dist.,

No. 1:16-cv-0251, 2017 WL 839492, at *11 (W.D. Pa. Mar. 3, 2017).  Regarding Counts

One and Three, the District Court said that, because it "fully resolved the preemption

matter in favor of the Academy, [it would] not and need not address the Academy's"

request for an injunction or its § 1983 claim.  Id.  The School District appeals the District

Court's order denying its motion for summary judgment, and the Academy cross-appeals

the Court's order declining to rule on Counts One and Three.

II[2]

The main question before us is whether federal immigration law preempts a statute

that requires the Commonwealth of Pennsylvania to provide busing to students who

attend private nonprofit schools.  The statute provides, among other things, that

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's decision on summary judgment de novo.  Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  Summary judgment is appropriate where, drawing all reasonable inferences in favor of the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

> [w]hen provision is made by a board of school directors for the [free] transportation of public school pupils to and from . . . schools [located within the district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway], . . . the board of school directors shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools.

24 Pa. Stat. Ann. § 13-1361(1). There is no dispute that the School District provides free bus transportation to its public school students and that Mercyhurst is a private nonprofit school located within ten miles of the School District. Thus, the busing statute plainly requires the School District to provide free bus transportation to the Students. The School District, however, contends that the statutory obligation to provide nonimmigrant students busing is preempted by federal law.

The preemption doctrine stems from the Supremacy Clause, which provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, "Congress . . . has the power to preempt state law." In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 83 (3d Cir. 2017). There are three categories of preemption: express preemption, field preemption, and conflict preemption. Holk v. Snapple Beverage Corp., 575 F.3d 329, 334 (3d Cir. 2009). Since preemption is an affirmative defense, we examine the specific preemption defense the School District asserted. In re Vehicle, 846 F.3d at 84.

The School District argues that the busing statute is subject to conflict preemption, which occurs where "compliance with both federal and state regulations is a physical impossibility," Arizona v. United States, 567 U.S. 387, 399 (2012) (quoting Fla. Lime &

Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43 (1963)), or "where the challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" id. (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)). The School District argues that it is impossible to comply with both federal and state law and that compliance with the state statute poses an obstacle to achieving Congress's objectives.

In evaluating the School District's argument, we start with the presumption against preemption and that "the historic police powers of the States [are] not to be superseded by [a] [f]ederal [a]ct unless that was the clear and manifest purpose of Congress." Sikkelee v. Precision Airmotive Corp., 822 F.3d 680, 687 (3d Cir. 2016) (quoting Wyeth v. Levine, 555 U.S. 555, 565 (2009)). We therefore "presume claims based on laws [reflecting the exercise of] state police powers are not preempted." In re Vehicle, 846 F.3d at 84; see also Farina v. Nokia Inc., 625 F.3d 97, 115 (3d Cir. 2010).

Providing education is traditionally a state government function. See, e.g., Edinboro College Park Apartments v. Edinboro Univ. Found., 850 F.3d 567, 577 n.9 (3d Cir. 2017). Because the busing statute concerns the provision of school transportation, and because school busing falls within the powers traditionally exercised by a state government, see Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 166 (3d Cir. 2001), we presume that the federal immigration statutes do not conflict with the busing statute "unless Congress has made such an intention 'clear and manifest,'" see MD Mall Assocs., LLC v. CSX Transp. Inc., 715 F.3d 479, 489 (3d Cir. 2013) (quoting Bates v.

6

Dow Agrosciences, LLC, 544 U.S. 431, 449 (2005)).[3]  The School District argues that Congress's intent to preempt the busing statute is reflected in the federal immigration statutes and regulations governing the issuance of student visas, which evince Congress's desire for aliens to be self-sufficient.  None of the statutes upon which the School District relies applies to the Students.

F-1 visa holders are required to demonstrate that they have sufficient funds to cover tuition, fees, and living expenses and provide documentary evidence of financial support.  8 C.F.R. § 214.2(f)(1)(i)(B); 22 C.F.R. § 41.61(b)(1)(ii).  A public school F-1 visa holder must go further and "demonstrate[] that the [student] has reimbursed the local educational agency that administers the school for the full, unsubsidized per capita cost of providing education at such school for the period of the [student's] attendance."  8 U.S.C. § 1184(m)(1)(B)(ii).[4]  The School District acknowledges that the Students are not "expressly bound by" this provision, Appellant Br. 18, but argue that Congress still intended for private school students to pay for any public benefits they receive, including free school transportation, because it sought to ensure that all F-1 visa holders not rely on

---

[3] Although the federal government has "broad, undoubted power over the subject of immigration and the status of aliens," Arizona, 567 U.S. at 394-95, the busing statute does not concern the regulation of immigration, even tangentially.  Accordingly, it is unlike the ordinances at issue in Lozano v. City of Hazelton, 724 F.3d 297, 318 (3d Cir. 2013), upon which the School District relies.

[4] The School District also invokes a part of § 1184 that provides that F-1 visa holders violate their nonimmigrant status if they obtained the status to enter private school and then switch to public school.  8 U.S.C. § 1184(m)(2).  The School District, however, does not assert that the Students have switched to a taxpayer-funded public school.  Thus, the statute is not applicable.

7

any public support while studying in the United States, and the busing statute is an obstacle to accomplishing this goal. This argument fails.

The plain language of the statute shows that Congress deliberately treated private school F-1 visa holders differently from their public school counterparts. Moreover, the statute does not suggest that an F-1 visa holder attending a private school violates the terms of his or her visa simply by virtue of receiving specific benefits from a local public school district. See 8 U.S.G. §§ 1182(a)(4)(A), 1184(m)(2).

While there is no doubt that Congress intended F-1 visa holders, like all nonimmigrant aliens, to be self-sufficient, id. § 1601(1)-(2), and an "alien who . . . is likely at any time to become a public charge," id. § 1182(a)(4)(A), is inadmissible, the School District concedes that the Students' receipt of free busing does not make them public charges and does not show that the Students lack self-sufficiency. As a result, Congress's objective in ensuring nonimmigrants are self-sufficient is not impeded by providing F-1 visa-holders free busing.

For these reasons, the District Court correctly concluded that the federal immigration laws do not preempt the busing statute.

III

We next review whether the District Court erred in granting relief on Plaintiff's claim for subrogation in Count Two.

Under Pennsylvania law, subrogation is a means to "plac[e] the ultimate burden of [a] debt upon the person who should bear it," Topelski v. Universal South Side Autos, Inc., 180 A.2d 414, 421 (Pa. 1962) (quoting Potoczny v. Vallejo, 85 A.2d 675, 677 (Pa.

8

Super. Ct. 1952)), and it is "applicable whenever a debt or obligation is paid from the funds of one person although primarily payable from the funds of another," Anderson v. Greenville Borough, 273 A.2d 512, 514 (Pa. 1971). The remedy of equitable subrogation is available where a claimant demonstrates: "(1) the claimant paid the creditor to protect his own interests; (2) the claimant did not act as a volunteer; (3) the claimant was not primarily liable for the debt . . . ; (4) the entire debt has been satisfied; and (5) allowing subrogation will not cause injustice to the rights of others." Tudor Dev. Grp., Inc. v. U.S. Fid. & Guar. Co., 968 F.2d 357, 361 (3d Cir. 1992).

All elements of a claim for subrogation are satisfied here. The statute requires the School District to provide free bus transportation to the Students, but it refused to do so for the 2016-2017 school year, requiring the Academy to pay for the transportation. The Academy did not act as a volunteer and, under the busing statute, was not primarily liable for the costs associated with the school transportation. In addition, the Academy paid the entire amount due for such transportation and allowing subrogation will not cause injustice to the rights of others. Therefore, the District Court did not err in granting summary judgment on the Academy's claim for subrogation.

IV

Finally, we turn to the District Court's order declining to rule on Counts One or Three for, respectively, a permanent injunction requiring the School District to provide free transportation to the Students and deprivation of property without due process in violation of 42 U.S.C. § 1983. The District Court concluded that, because it "fully resolved the preemption matter in favor of the Academy, [it would] not and need not

9

address" either of these claims.  <u>Pa. Int'l Acad.</u>, 2017 WL 839492, at *11.  The Academy argues that it is entitled to an injunction compelling the School District to provide free bus transportation, that the failure to provide busing deprived the Students of a property right without due process, that they are entitled to relief under § 1983, and that the stipulation concerning damages does not bar the § 1983 claim it advances on their behalf. Because we have no ruling on these claims to review, we will vacate the District Court's order concerning Counts One and Three and remand for further proceedings on the Academy's request for an injunction and its § 1983 claim.

V

For the foregoing reasons, we will affirm the District Court's order granting summary judgment on Count Two, vacate its order declining to rule on Counts One and Three, and remand for further proceedings.