568 A.2d 709

**BOROUGH OF WEST FAIRVIEW, Appellant,**

v.

**Peggy HESS, Vicki L. Judy, Donna Kindness and Christine E. Zimmerman and Bonnie L. Kapp, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Dec. 28, 1989.

386

Thomas F. Brenner, Goldberg, Katzman & Shipman, P.C., with him, Henry Coyne, Harrisburg, for appellant.

Christopher C. Houston, Broujos, Gilroy & Houston, P.C., Carlisle, for appellees.

Before CRAIG, McGINLEY and SMITH, JJ.

CRAIG, Judge.

West Fairview Borough appeals two orders of Judge Kevin A. Hess. One of those orders dismissed one count of the borough's suit for damages against the defendants, former elected borough auditors, on the auditors' preliminary objections in the nature of a demurrer. The other order, dated more than eight months later, granted the auditors' motion for summary judgment on the other count in the borough's complaint.

In addition to a question of the timeliness of the appeal as to the earlier order, there is also a question as to whether the auditors are shielded by immunity.

On the preliminary objections, the complaint's averments provide the assumed facts, as follows. In 1986 the borough discovered that the defendant auditors failed to discover deficiencies in the borough's accounts for the years 1982 through 1985, allegedly because of the auditors' error or negligence.

Under Count II of the complaint, paragraphs 11–13 allege that the auditors, who had received compensation for the performance of their duties, had breached their oath that they had carefully examined the accounts.

The trial court dismissed Count II of the complaint, which it concluded sounded in contract, on the basis that no contractual relationship can exist between a public official and the government entity the official serves. *Snyderwine v. Craley*, 434 Pa. 349, 354, 254 A.2d 16, 19 (1969).

Approximately eight months later, the trial court dismissed Count I, a negligence claim, on the auditors' motion for summary judgment, on the basis that the auditors were immune from suit under the governmental immunity provisions, Chapter 85 of the Judicial Code, 42 Pa.C.S. §§ 8541–8564.

Within thirty days after the dismissal of Count I, pursuant to the summary judgment, the borough appealed both dismissal orders.

### 1. Timeliness of Appeal From Count II Order

■ Initially, the auditors argue that this court lacks jurisdiction to consider an appeal of the trial court's adjudication of Count II. They contend that the trial court's dismissal of that count constituted a final, appealable order, and that the township's failure to appeal within 30 days renders the appeal of that count untimely.

The borough, in support of its contention that its appeal of the trial court's order regarding Count II is not untimely, seeks to distinguish the decision upon which the auditors rely, *Hardy v. Pennock Insurance Agency, Inc.*, 365 Pa. Superior Ct. 206, 529 A.2d 471 (1987), in which Judge Kelly, writing for the court, reiterated the rule set forth in *Cloverleaf Development, Inc. v. Horizon Financial F.A.*, 347 Pa.Superior Ct. 75, 500 A.2d 163 (1985):

[I]f the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and dis-

tinct causes of action, the order sustaining preliminary objections is then final and appealable as to those causes of action dismissed; *where such separate counts merely state alternative theories to support recovery on a single cause of action, the dismissal of one count does not put plaintiff "out of court" as to the cause of action raised, and the order is therefore interlocutory and appealable.* Cloverleaf, 347 Pa.Superior Ct. at 82, 500 A.2d at 166.

. . . .

Should the cause of action of.... the dismissed [count] still exist.... the dismissed count would be deemed an "alternative theory to support recovery on the same cause of action."

365 Pa.Superior Ct. at 212, 529 A.2d at 474. (Emphasis added.)

The borough argues that the two counts represent alternative theories of the same cause of action, and thus that they were not "out of court" on the Count II dismissal alone.

In *Hardy,* the plaintiff included four counts in the complaint. The trial court had sustained the defendant's preliminary objections to the plaintiff's original complaint and dismissed counts two, three and four. The plaintiff appealed that decision and the court considered whether it had jurisdiction to consider an appeal of all three counts. The court analyzed each count to determine whether they were alternative theories and thus interlocutory, or distinct causes of action which an aggrieved party must appeal immediately.

The court concluded that Count II was an alternative theory to Count I; both were based on a negligent breach of contract cause of action. However, the court determined that Count III, which alleged misrepresentation and fraud, was not an alternative theory, but rather a distinct cause of action. Likewise, Count IV, claiming a statutory cause of action, could not be characterized as an alternative theory supporting the negligent breach-of-contract cause of action.

Thus, because Count II was merely an alternative theory for the cause of action stated in Count I, that dismissal order was interlocutory; however, because Counts III and IV were distinct causes of action, the court had jurisdiction to entertain the dismissal of those counts as final, appealable orders.

Another Superior Court decision lends support to West Fairview's position. In *General Machine Corporation v. Feldman*, 352 Pa.Superior Ct. 180, 507 A.2d 831 (1986) the court concluded that it lacked jurisdiction to address the appeal of the trial court's dismissal of two counts in the appellant's complaint. Count II incorporated the facts averred in Count I, and demanded damages for the appellee's allegedly negligent conduct. Count IV incorporated the facts averred in Count III and alleged negligent conduct. Count I alleged that the appellees had breached their contract with the appellant. The court concluded that because the separate counts were merely alternative theories of recovery on the same cause of action, the trial court's dismissal of those counts was not a final order from which an appeal could be taken.

Similarly, West Fairview here is seeking a single recovery for the auditors' failure to discover that a borough employee had embezzled money, asserting two possible theories upon which the borough may succeed, rather than two distinct causes of action. An immediate appeal of the trial court's dismissal of Count II would have been interlocutory. Therefore, this court has jurisdiction to consider the merits of the borough's appeal of the trial court's dismissal of Count II.

## 2. Breach of Contract Claim

With respect to West Fairview's challenge to the trial court's conclusions on the contract claim, we adopt the opinion of Judge Hess. *See Borough of West Fairview v. Peggy Hess, Vicki Judy, Donna Kindness, and Christine Zimmerman*, 38 Cumb.L.J. 521 (1988).

### 3. Negligence claim—Six–Month Notice and Limitation

■ The auditors argue that the borough failed to comply with the six-month notice provision of the Judicial Code, 42 Pa.C.S. § 5522(a), that requires parties to provide the government unit, against which they intend to bring suit, with six months notice. Chapter 1 of the Judicial Code defines a government unit as "[t]he General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system." 42 Pa.C.S. § 102. A government agency is defined as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." 42 Pa.C.S. § 102. Accordingly, the auditors constitute a government unit entitled to six-months notice as required by the Judicial Code.

The auditors also claim that the Judicial Code's six-month statute of limitations, 42 Pa.C.S. § 5522(b), expired before the borough initiated this action, and thus, that the borough is precluded from pursuing its cause of action. That provision states:

(b) Commencement of action required.—The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

■ The borough argues that those issues are not properly before this court, because the trial court did not consider them. However, the auditors did raise these issues in their answer and new matter to the borough's complaint and in their motion for summary judgment. The fact that the trial court did not consider them in reaching its decision does not constitute a waiver of the issues.

Paragraph 6 of the borough's complaint states:

During January 1986, plaintiff for the first time discovered that the defendants, the elected auditors of Borough of West Fairview, by negligence, error or neglect, had failed to discover deficiencies in the Borough accounts for the four preceding years.....

Thus, the borough admits that it had knowledge of the deficiencies as of January 1986. Nevertheless, the borough did not initiate its lawsuit, or give notice, until January 1988.

■ The borough argues that the two-year statute of limitations in the Judicial Code, 42 Pa.C.S. § 5524(6) applies in this case. That provision states:

The following actions and proceedings must be commenced within two years:

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

The language of this provision clearly does not involve the actions of the auditors at issue here, because the auditors did not have in their possession funds that they collected on behalf of the borough.

■ The borough also argues that statutes of limitations do not run against the Commonwealth, and similarly, do not run against local government units. In *Commonwealth of Pennsylvania, Department of Transportation v. Bishop & Co.*, 497 Pa. 58, 439 A.2d 101 (1981), the Supreme Court concluded that the abrogation of sovereign immunity did not mandate abrogation of the doctrine of nullum tempus occurit regi, under which statutes of limitations do not apply to the Commonwealth unless a statute specifically provides. 497 Pa. at 60, 439 A.2d at 101.

Pennsylvania courts have applied a somewhat different rule to local municipalities. In *Philadelphia v. Litvin*, 211 Pa.Superior Ct. 204, 235 A.2d 157 (1967) the court stated:

As a general rule, no statute of limitations runs against the right of a sovereign to collect its taxes. *Philadelphia*

*v. Holmes Electric Protection Company of Philadelphia*, 355 Pa. 273, 6 A.2d 884 (1939). The immunity of the sovereign from subjection to statutes of limitation does not, in the absence of express provision, usually extend to municipalities, counties, or other political subdivisions. In the instant case, however, the City of Philadelphia is considered a sovereign for the purpose of collecting taxes because it is exercising a strictly governmental function.

211 Pa.Superior Ct. at 208–209, 235 A.2d at 158.

Thus, unless a municipality is exercising a governmental function or there is an express provision to the contrary, a statute of limitation will apply to the governmental unit. In this case, the borough is not acting in a role which is exclusively governmental, such as tax collector, but rather is seeking a judgment against allegedly negligent public servants, just as any private litigant having standing could do. Therefore, the statute of limitations is applicable to the borough. Because the borough failed to initiate its action against the auditors within the statutory period, the trial court could have dismissed the count on that ground.

### 4. Tort Immunity

Moreover, even if the borough had initiated its action within the statutory period, we would affirm the trial court's conclusions with respect to the negligence claim.

As the trial court pointed out, Chapter 85 of the Judicial Code provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The trial court noted that Chapter 85 defines a local agency as "[a] government unit other than the Commonwealth government." As discussed above, and as recognized by Judge Hess, the term "government unit" includes municipal officers.

The court correctly reasoned that elected auditors are public officials, and thus that the particular conduct for

which the plaintiff alleges the government official is responsible must fall into one of the exceptions to governmental immunity in 42 P.S. § 8542, before an injured party may succeed in a negligence action against an officer of a local government. Concluding that none of the exceptions applied, the trial court granted the auditors' motion.

The borough contends that the trial court erred in concluding that governmental immunity precludes this action against the auditors because their conduct falls within the personal property exception to governmental immunity. 42 Pa.C.S. § 8542(b).

■ West Fairview also argues that the application of governmental immunity in this case is incongruous because the purpose of the lawsuit is to obtain a judgment—a prerequisite to a recovery through an insurance policy the borough maintains. A decision that immunity exists will result in loss of that recovery.

The borough relies on *Lewis Township v. Employers Mutual Casualty Company,* 514 Pa. 242, 523 A.2d 719 (1987) for the proposition that a municipality may obtain— and therefore presumably recover upon—insurance against financial loss suffered because of the negligence of public officials.

Although that statement is accurate, the rule must co-exist with the governmental immunity provisions upon which the trial court relied; in *Lewis Township,* no issue of immunity was present. Thus, the borough may be precluded from recovery under its insurance policy. Although insurance could be written to cover conduct shielded by immunity, or written to cover conduct only within the exceptions, the wording of an insurance policy is a matter between the parties, notwithstanding the fact that those terms may preclude recovery when a party enjoys immunity from liability.

Exceptions to governmental immunity are to be construed narrowly. *City of Philadelphia v. Love,* 98 Pa.Common-

wealth Ct. 138, 509 A.2d 1388 (1986), *affirmed,* 518 Pa. 370, 543 A.2d 531 (1988).

■ Under the personal property exception, a local government will incur liability for:

"damages on account of an injury.... to property.... if the injury occurs as a result of.... [t]he care, custody or control of personal property in the possession of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency." 42 Pa.C.S. § 8542(a), (b).

Clearly the embezzled funds were not in the possession of the auditors; however, the borough contends that the funds were under the control of the auditors.

In *In re R.A. Beck Builders, Inc.,* 66 B.R. 666 (Bkrtcy., W.D.Pa.1986), the Federal Bankruptcy court concluded that county officials were immune from liability for damages resulting from misindexing of a properly recorded deed to real property. The court held that the personal property immunity exception applied only to damages to the deed, which was property in the custody of the county officers, but not to attendant property rights associated with the deed.

In *Rousseau v. City of Philadelphia,* 100 Pa.Commonwealth Ct. 173, 514 A.2d 649 (1986), *app. den.,* 515 Pa. 590, 527 A.2d 548 (1987), the court indicated that under certain circumstances, "the negligent undertaking of a fiduciary duty on the part of a governmental agency with respect to a loan fund ... could give rise to a cause of action in tort." 100 Pa.Commonwealth Ct. at 179, 514 A.2d at 652. The court concluded that when a city holds loan funds in escrow, and disposition of those funds is subject to the borrower's approval, the borrower cannot claim that the funds are in the possession or control of the city for the purposes of liability under the personal property exception to governmental immunity.

To interpret the personal property exception to include the auditors' functions as the "control" of borough funds would stretch the language of the exception too far. The term "control" denotes that a person has some power over the actual property, i.e., to authorize transactions involving the property or to make disbursements. Because the auditors have no such power, their relationship to the township funds does not include control over the funds. Therefore, the the trial court was correct in concluding that personal property exception does not apply, and that the auditors are protected under the governmental immunity provisions.

### Conclusion

■ Finally, although neither party, nor the trial court addressed this point, Section 1054 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, § 1054, contains a remedial measure of its own, which provides that:

> In case of any neglect.... any auditor so neglecting.... shall upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not more than one hundred dollars ($100), and in default of the payment of the fine and costs, shall be imprisoned for not more [than] ten days.

53 P.S. § 46054.

That section of the Borough Code appears to provide the borough with an appropriate remedy for seeking legal redress for the auditors' alleged negligent performance.

Judge Hess' decisions on the auditors' action for negligence and breach of contract are affirmed.

### ORDER

Now, December 28, 1989, the orders of the Court of Common Pleas of Cumberland County in No. 1702 CIVIL 1987, dated May 4, 1988 and January 30, 1989 are affirmed.