587 A.2d 765

**SCHOOL DISTRICT OF the BOROUGH OF ALIQUIPPA and Lumbermens Mutual Casualty Company, Appellants,**

v.

**MARYLAND CASUALTY COMPANY and Transamerica Insurance Company, Appellees,**

v.

**HOSACK, SPECHT, MUETZEL & WOOD, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1990.

Filed March 13, 1991.

570

S. Asher Winikoff, Pittsburgh, for appellants.

David M. Neuhart, Pittsburgh, for Hosack, appellees.

Before KELLY, FORD ELLIOTT and BROSKY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether Lumbermens Mutual Casualty Company [hereinafter "Lumbermens"], a private corporation, as subrogee of the School District of the Borough of Aliquippa [hereinafter "Aliquippa School District"], may assert *nullum tempus occurrit regi* to defeat the applicable statute of limitations in a negligence action against the auditors, Hosack, Specht, Muetzel & Wood [hereinafter "Hosack, Specht"], of the

Aliquippa School District for, *inter alia*, alleged failure to properly perform audits which Lumbermens alleges resulted in the long-term misappropriation of funds by the tax collector and in the subsequent payment by Lumbermens, as bonding company, of $522,000.00 to Aliquippa School District. The trial court found that Lumbermens could not assert *nullum tempus* to defeat the statute of limitations and was therefore time-barred from pursuing its negligence claim. Summary judgment was entered in favor of Hosack, Specht. Lumbermens with Aliquippa School District filed this timely appeal. We find that Lumbermens may not invoke *nullum tempus* to defeat the applicable statute of limitations. Hence, we affirm.

## FACTS AND PROCEDURAL HISTORY

John T. Atkinson was employed by the Aliquippa School District and the Borough of Aliquippa as the tax collector from 1974 until November of 1984. At all times the Aliquippa School District bonded Mr. Atkinson. During the period from 1974 until 1978, Maryland Casualty Company [hereinafter "Maryland"], acted as surety for Mr. Atkinson. During the period from February 17, 1978 until April 26, 1984, Transamerica Insurance Company [hereinafter "Transamerica"], acted as surety for Mr. Atkinson. During the remainder of Mr. Atkinson's tenure, April 26, 1984 until November of 1984, Lumbermens acted as surety for Mr. Atkinson. Hosack, Specht, a public accounting firm, was employed by the Aliquippa School District to audit the accounts and records of the Aliquippa School District for each of the years from 1975 through 1984.

From 1974 until late October of 1984, Mr. Atkinson misappropriated funds, fraudulently concealed funds and failed to faithfully collect, pay over and/or account for tax funds entrusted to him as tax collector. Mr. Atkinson resigned in November of 1984.

The Aliquippa School District, on January 23, 1985, had judgment entered against Lumbermens for the amount of

the shortage. Pursuant to the confessed judgment, Lumbermens paid $522,000.00 to Aliquippa School District.

On May 14, 1986, Lumbermens and Aliquippa School District filed a complaint against Transamerica and Maryland alleging statutory and contractual indemnification, equitable subrogation, indemnification and unjust enrichment/restitution, to recover the sums representing the tax monies misappropriated during the years Mr. Atkinson was bonded by Maryland and Transamerica along with a proportional amount of interest, costs and attorneys' fees. Pursuant to Pa.R.Civ.P. 2252, Transamerica filed a complaint to join Hosack, Specht as additional defendants on April 6, 1987. On April 21, 1987, Hosack, Specht filed preliminary objections alleging that Transamerica had failed to state a cause of action upon which relief may be granted and that Transamerica's claim was barred by the doctrine of superior equities. The preliminary objections were overruled by the trial court in an order entered July 20, 1987.

On March 28, 1989, a pre-trial conference was held and the trial court entered an order directing the case to be placed on the June, 1989 trial list. On June 6, 1989, the trial court entered an order granting the petition of Lumbermens and the Aliquippa School District for leave to amend their complaint and directing the case to be stricken from the June, 1989 trial list and placed on the September, 1989 trial list. Lumbermens and the Aliquippa School District filed their amended complaint on June 6, 1989, adding a count of negligence against Hosack, Specht.

On September 18, 1989, the trial court entered an order which granted the parties' motion for a continuance and directed Hosack, Specht to file its motion for summary judgment within seven days. On September 22, 1989, Hosack, Specht filed its answer and new matter to the amended complaint. In its new matter, Hosack, Specht alleged that the amended complaint was time-barred and that the Aliquippa School District and Lumbermens were contributorily negligent. On September 25, 1989, Hosack, Specht filed its motion for summary judgment alleging that the

amended complaint was time-barred. On December 18, 1989, the trial court entered an order granting the motion for summary judgment filed by Hosack, Specht and limiting its potential to the amount of any potential liability of Transamerica. On January 12, 1990, this timely appeal was filed by Lumbermens and the Aliquippa School District.[1]

Lumbermens and the Aliquippa School District raise the following issues for our consideration:

1. Did the Trial Court err in allowing a late filing of the Answer of Hosack, Specht on the day of trial?

2. Are the claims of the Plaintiffs subject to the Statute of Limitations?

3. Does the Doctrine of *nullum tempus* apply?

Appellants–Lumbermens and the Aliquippa School District's Brief at 7.[2] Upon review of the parties' briefs, the record, the applicable statutory authority and the relevant case law, we affirm the order of the trial court granting summary judgment in favor of Hosack, Specht and thus limiting any potential liability of the accounting firm to that of any potential liability subsequently imposed upon Transamerica.

## STANDARD OF REVIEW

■ Our standard of review of an appeal from an order granting summary judgment is well established.

Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, a court

1. On September 19, 1989, a stipulation to settle and discontinue as to Maryland, signed by counsel for Lumbermens and the Aliquippa School District, was filed with the trial court. Hence, Maryland is no longer a party to this action.

2. Appellants–Lumbermens and the Aliquippa School District's brief is not in conformity with the Pennsylvania Rules of Appellate Procedure, particularly Pa.R.A.P. 2118 and 2119(a). While we do not condone this lack of conformity, it has not hampered our review.

must examine the record in the light most favorable to the non-moving party. It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party.

*Knecht v. Citizens & Northern Bank*, 364 Pa.Super. 370, 373–74, 528 A.2d 203, 205 (1987), *citing Melmed v. Motts*, 341 Pa.Super. 427, 429–30, 491 A.2d 892, 893 (1985) (citations omitted). The question of whether a statute of limitations has run on a claim is usually a question of law for the trial judge, but, at times, a factual determination by the jury may be required. *Smith v. Bell Telephone Co.*, 397 Pa. 134, 142, 153 A.2d 477, 481 (1959); *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 140, 471 A.2d 493, 502 (1984) (*en banc*). With this standard in mind, we shall address the issues raised on appeal.

## I. LATE FILING OF ANSWER

■ Appellants–Lumbermens and the Aliquippa School District first contend that the trial court erred in allowing a late filing of the answer of Hosack, Specht. Appellants assert that on May 31, 1989, they moved for leave to amend their complaint to file a direct cause of action against Hosack, Specht, which was presented on June 2, 1989, and which was verbally granted by the trial court on that date. The amended complaint was filed on June 6, 1989. On September 18, 1989, immediately before the start of trial, appellants claim that Hosack, Specht indicated that it would file an answer to the amended complaint raising the defense of the statute of limitations. The trial court, according to appellants, improperly granted a delay and ordered Hosack, Specht to file a motion for summary judgment. On December 15, 1989, the trial court entered an order granting summary judgment in favor of Hosack, Specht.

■ We note initially that we may only consider the facts which have been duly certified in the record on appeal. *Button v. Button*, 378 Pa.Super. 142, 145, 548 A.2d 316, 318 (1988). Moreover, it is the duty of the appellant to supply

this Court with a record which is sufficient to permit a meaningful appellate review. *Fox v. Gabler*, 377 Pa.Super. 341, 346, 547 A.2d 399, 401 (1988). A failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a meaningful appellate review constitutes a waiver of the issue sought to be reviewed. *See Butler v. Flo-Ron Vending Co.*, 383 Pa.Super. 633, 648, 557 A.2d 730, 738 (1989).

We have reviewed the entire original record certified for this appeal and have not found any support for appellants' contention. While the September 18, 1989 order directed Hosack, Specht to file a motion for summary judgment, there is no transcript available for us to review appellants' claim that Hosack, Specht's intention to file its answer caused the trial court to enter the order granting the continuance and directing Hosack, Specht to file a motion for summary judgment.

Additionally, from our review, we fail to see where appellants raised this issue in the trial court. It is well established that in order to preserve an issue for appellate review, it must be raised at the trial level. *Dilliplaine v. Lehigh Trust Co.*, 457 Pa. 255, 258, 322 A.2d 114, 116 (1974); Pa.R.A.P. 302(a). Thus, we find this issue to be waived.[3]

## II. STATUTE OF LIMITATIONS

In the case *sub judice,* the trial court found that upon payment of the $522,000.00, Lumbermens was subrogated to the Aliquippa School District's right to demand indemnification from Maryland and Transamerica. (Tr.Ct.Op. at 3). As subrogee, Lumbermens sought to recover damages from Hosack, Specht for their alleged negligence in their performance of their auditing duties to Aliquippa School District. Lumbermens contends that its cause of action

---

3. The Pennsylvania Rules of Appellate Procedure provide an alternative method for an appellant who for some reason did not have proceedings in the trial court transcribed. *See* Pa.R.A.P. 1923, 1924.

against Hosack, Specht did not arise until payment of the $522,000.00. We do not agree.

■■■■■ Subrogation is an equitable doctrine. *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 730 (1971); *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 354, 180 A.2d 414, 421 (1962). Subrogation places the ultimate discharge of a debt upon the party who in fairness should bear it. *Topelski v. Universal South Side Autos, Inc., supra*, 407 Pa. 354, 180 A.2d at 421; *Potoczny v. Vallejo*, 170 Pa.Super. 377, 380, 85 A.2d 675, 677 (1952). The equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated. *Allstate Insurance Company v. Clarke*, 364 Pa.Super. 196, 201, 527 A.2d 1021, 1024 (1987). No new equitable rights are created in the subrogee. *Insurance Company of North America v. Carnahan, supra*, 446 Pa. 51, 284 A.2d at 730. A subrogee is therefore bound by the statute of limitations as it accrues against the subrogor. *Id.*, 446 Pa. 51, 284 A.2d at 730; *Harleysville Mutual Insurance Company v. Smith*, 352 Pa.Super. 174, 177, 507 A.2d 828, 829 (1986); *see also* 91 A.L.R.3d 844, 850 (1979) (and Supplement 1990 at 36). Hence, we find that Lumbermens is bound by the Aliquippa School District's statute of limitations.

■■■■■ Lumbermens further contends that, as subrogee to the Aliquippa School District, it may defeat the applicable statute of limitations by asserting *nullum tempus occurrit regi.* We must determine the statute of limitations applicable to the cause of action between the Aliquippa School District and Hosack, Specht. Only after determining whether the statute of limitations has run must we determine whether Lumbermens may assert *nullum tempus occurrit regi.* Keeping the appellate standard of review for summary judgment in mind, we examine the record to determine to the applicable statute of limitations.

Our review of the record reveals the following. In appellants' complaint filed May 14, 1986, against Transamerica and Maryland, appellants alleged the following:

11. In every year from 1974 until 1984, Atkinson did improperly and illegally fail, to perform the duties imposed upon him by law and did misappropriate funds and did fail to truly collect, pay over and/or account for tax funds entrusted to him as Tax Collector for the Plaintiff School District.

12. Said misappropriations and failure to truly collect, pay over and/or account for School District funds, accumulated from year to year, but by fraudulently concealing and failing to faithfully collect and account for the true nature of the shortages, Atkinson was able to disguise said misappropriations until *they were discovered in late October, 1984.*

(Complaint filed 5/14/86 at 3) (emphasis added). These allegations were incorporated into the amended complaint filed on June 6, 1989. (*See* Amended Complaint filed 6/6/89 at 1). The amended complaint also incorporated allegations contained in paragraph 9 of Transamerica's complaint to join Hosack, Specht as additional defendants. *Id.* at 2. Paragraph 9 of Transamerica's complaint alleged the following:

9. If the allegations set forth in plaintiff's Complaint are true, the misappropriations made by John T. Atkinson went undetected because of a failure upon the part of additional defendant to perform its duties in a good and workmanlike manner generally, and as is more particularly set forth in the following lettered subparagraphs.

(a) In failing to perform the audit in conformity with principles and procedures established in the Manual of Accounting and Related Financial Procedures; and

(b) In failing to perform such test of the accounting records and other auditing procedures as were necessary in the circumstances; and

(c) In failing to audit the accounts of John T. Atkinson in detail; and

(d) In failing to perform a reasonably competent review of the records maintained by John T. Atkinson; and

(e) In failing to make a comparison between the records relating to the receipts and those related to the deposits maintained by John T. Atkinson; and

(f) In failing to warn the School District that Mr. Atkinson was misappropriating money; and

(g) In failing to warn the School District of the necessity for the establishment of the internal controls; and

(h) In failing to warn the School District of the ease with which money could be misappropriated by a tax collector acting in the dual capacity as tax collector for the School District and tax collector for the Borough; and

(i) In failing to possess the skill and diligence customarily employed by accountants auditing tax collectors; and

(j) In failing to exercise and employ the skill and diligence customarily employed by accountants auditing tax collectors; and

(k) In otherwise failing to exercise due care and caution under the circumstances.

(Complaint filed 4/6/87 at 2–4). The trial court ruled that Transamerica had "stated a claim upon which relief may be granted under a negligence theory." (Tr.Ct.Op. filed 7/20/87 at 5). Our review of the record thus reveals that appellants-Lumbermens and the Aliquippa School District have also stated a cause of action against Hosack, Specht upon which relief may be granted under a negligence theory.

■■■ The statute of limitations for a negligence cause of action is found in 42 Pa.C.S.A. § 5524, which provides in pertinent part:

The following actions and proceedings must be commenced within two years:

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on

negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitations specified in this subchapter.

42 Pa.C.S.A. § 5524(7). In Pennsylvania, the statute of limitations is triggered upon occurrence of the alleged breach of duty. *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 497, 524 A.2d 980, 984 (1987); *Moore v. McComsey*, 313 Pa.Super. 264, 270, 459 A.2d 841, 844 (1983).

In the case *sub judice*, by appellants' own complaint, appellants were aware of the misappropriation of funds as early as October of 1984. Appellants had two years therefore from October of 1984 to determine whether Hosack, Specht were negligent in their auditing duties. We find therefore that the statute of limitations expired as of October of 1986.

Moreover, the trial court noted that appellant-Lumbermens attempted to join Hosack, Specht in another related action which was stricken on June 5, 1985. (*See* Tr.Ct.Op. filed 12/18/89 at 3). Therefore, even assuming that the statute of limitations did not begin to run until that date, it expired June 5, 1987, long before the amended complaint was filed.[4] In conclusion, examining the record in the light most favorable to the non-moving party, we determine that the amended complaint was filed after the statute of limitations had expired.

**4.** While it is clear that the amended complaint sounds in negligence, any attempt by appellants to claim breach of contract and thereby extend the applicable statute of limitations to four years pursuant to 42 Pa.C.S.A. 5525 is waived for failure to properly plead. *Garcia v. Community Legal Services Corp., supra,* 524 A.2d at 982 (1987) ("If a plaintiff fails to properly plead separate causes of action, the cause he did not plead is waived."); *Bachman v. Artinger,* 285 Pa.Super. 57, 60, 426 A.2d 702, 703 (1981). Moreover, the four year statute of limitations would have expired in October of 1988, or using June 5, 1985 as the accrual date, June 5, 1989; either way, the statute of limitations expired prior to the filing of the amended complaint.

## III. NULLUM TEMPUS OCCURRIT REGI

 Appellants–Lumbermens and the Aliquippa School District next contend that if the amended complaint is time-barred, Lumbermens, as subrogee of the Aliquippa School District, may invoke the doctrine of *nullum tempus* to defeat the statute of limitations. We do not agree.

 The doctrine of *nullum tempus occurrit regi* ("time does not run against the king") has long been followed in Pennsylvania. *Commonwealth, Department of Transportation v. J.W. Bishop & Company, Inc.*, 497 Pa. 58, 62, 439 A.2d 101, 103 (1981). Our Supreme Court, in *Bishop, supra,* explained that:

[w]henever the Commonwealth invokes the doctrine of *nullum tempus,* it is seeking as a plaintiff to vindicate public rights and protect public property. Thus, since its adoption in this country, the rationale for the doctrine of *nullum tempus* has been "the great public policy of preserving public rights, revenues and property from injury and loss." *United States v. Hoar,* 26 Fed.Cas. 329, 330 (C.C.D.Mass.1821) (No. 15,373) (Story, J.). *See [Commonwealth v.] Musser Forests* [394 Pa. 205, 146 A.2d 714 (1958)], *supra* (*nullum tempus* "matter of important public policy"). Moreover, the benefits and advantages of the doctrine of *nullum tempus* extend "to every citizen, including the defendant whose plea of ... limitations its precludes." *Guaranty Trust [Co. of New York v. United States],* *supra,* 304 U.S. [126] at 132, 58 S.Ct. [785] at 789 [82 L.Ed. 1224 (1938)].

*Id.,* 497 Pa. at 64, 439 A.2d at 104. When the Commonwealth, as a plaintiff, brings an action for which the statute of limitations has run, the doctrine of *nullum tempus* may be invoked. Under *nullum tempus,* statutes of limitations do not apply to the plaintiff Commonwealth unless the statute specifically provides that it does. *Id.,* 497 Pa. at 65, 439 at 105; *Northampton County Area Community College v. Dow Chemical, U.S.A.,* 389 Pa.Super. 11, 19, 566 A.2d 591, 595 (1989). Our Supreme Court has held that:

[i]t is true that, unless otherwise provided, statutes of limitations cannot be pleaded against such political subdivisions when they are seeking to enforce strictly public rights, that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant.

*City of Philadelphia v. Holmes Electric Protective Co. of Philadelphia*, 335 Pa. 273, 278, 6 A.2d 884, 887 (1939); *see also Pocono Township v. Hall*, 127 Pa.Cmwlth. 116, 121, 561 A.2d 53, 55 (1989) (same); *Borough of West Fairview v. Hess*, 130 Pa.Cmwlth. 385, 391–93, 568 A.2d 709, 713 (1989) ("unless a municipality is exercising a governmental function or there is an express provision to the contrary, a statute of limitation will apply to the governmental unit,"); *but see Northampton County Area Community College v. Dow Chemical, U.S.A., supra*, 566 A.2d at 596 (concluding that statute and caselaw in this Commonwealth have rejected a "governmental vs. proprietary function" test and that such tests have been rendered obsolete by recent legislative definitions and classifications of Commonwealth parties).

It is within this framework that Lumbermens is contending that as subrogee to the Aliquippa School District, it should be permitted to invoke this awesome doctrine and defeat the two year statute of limitations to assert a negligence claim against Hosack, Specht. This we refuse to do. We find that the damages Lumbermens seeks to recover from Hosack, Specht are not an attempt to vindicate public rights or to protect public property. The public interests have been made whole. The matter is now between two private litigants. Lumbermens filed its amended complaint after the expiration date of the applicable statute of limitation. It may not now invoke *nullum tempus* to defeat it. *See* Couch on Insurance 2d (1983) at § 75:38 ("although surety is subrogated to claim of state, it is not entitled to exemption of state from operation of statute of limitations"); 147 A.L.R. 457, 460 (1943) (same); *see also Fidelity*

& *Deposit Co. v. First National Bank,* 165 Tenn. 395, 54 S.W.2d 964 (1932) (same).

In conclusion, we find that there is no genuine issue of material fact which remains in dispute regarding Lumbermens' negligence action against Hosack, Specht. Lumbermens' action against Hosack, Specht is time-barred and it may not invoke *nullum tempus* to defeat the statute of limitations. Hence, we affirm the grant of summary judgment limiting Hosack, Specht's potential liability to any potential liability which may be subsequently imposed upon Transamerica.[5]

Order Affirmed.

---

5. Hosack, Specht, in its appellate brief, attempts to distinguish the appellants: Lumbermens and the Aliquippa School District, noting that the application of *nullum tempus* may vary according to which of the appellants is attempting to assert it. Lumbermens is attempting to recover from Hosack, Specht the monies expended when it paid $522,000.00 pursuant to the confessed judgment. The Aliquippa School District is attempting to recover from Hosack, Specht the monies expended in investigative and legal costs in discovering Mr. Atkinson's illegal activities. *See* Hosack, Specht's appellate brief at 12. However, a careful reading of the portions of the complaint filed May 14, 1986, which were incorporated into the amended complaint filed June 6, 1989, the appellants' answer to Hosack, Specht's motion for summary judgment and the brief filed for this appeal does not make any such distinction. The Aliquippa School District did not plead a separate cause of action against Hosack, Specht on its own for recovery of its alleged investigative and attorneys' fees. As such, we limit this holding to the negligence claim asserted by Lumbermens, as subrogee of the Aliquippa School District, against Hosack, Specht. Moreover, it would not appear that the Aliquippa School District could itself invoke *nullum tempus* to defeat the expired statute of limitations. *See Borough of West Fairview v. Hess, supra,* (holding that borough could not invoke *nullum tempus* to assert untimely claim against auditors for alleged negligence).