**William STOPPIE, Marcie Stoppie, and Wilmarc Construction, Inc., Appellants,**

v.

**James R. JOHNS, the Township of Cass, and Richard C. Parsons.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 1998.
Decided Nov. 18, 1998.

Sudhir R. Patel, Pottsville, for appellants.

Donald E. Wieand, Jr., Lehigh Valley, for appellees, James Johns and the Tp. of Cass.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

William P. Stoppie, Marcie Stoppie, Wilmarc Construction, Inc., collectively Appellants, appeal from an order of the Court of Common Pleas of Schuylkill County (trial court) which denied Appellants' motion to amend their complaint and granted the motion filed by James Johns (Johns) and the Township of Cass (Township) for judgment on the pleadings. We affirm.

Appellants filed a complaint on January 15, 1997.[1] Appellants are the owners of real

---

1. Richard Parsons was also a party to this action. However, the trial court granted his motion for

property located in the Township, which they decided to develop for residential purposes in April, 1996. Johns, the sewage enforcement officer for the Township, performed percolation tests on the property to determine its suitability for on-site sewage systems. Johns stated that the property passed the percolation tests and that it was suitable for on-site sewage systems.

On July 15, 1996, July 26, 1996, August 7, 1996, and September 5, 1996, the Department of Environmental Protection (DEP) retested the property and determined that it was not suitable for standard on-site sewage systems. Appellants had expended $157,-746.00 in development costs which they would not have expended if Johns had properly performed and reported the tests. Appellants claimed that Johns was negligent in not properly conducting and reporting the percolation test and that the Township was negligent in not hiring a competent sewage enforcement officer and in not properly supervising Johns' work with respect to the tests performed on Appellants' property.

Thereafter, the Township and Johns filed an answer claiming the defense of official and governmental immunity and filed a motion for judgment on the pleadings based on those defenses. Plaintiffs thereafter filed a motion to amend their complaint with respect to Johns to include allegations of knowing and willful misconduct. In opposition to the motion, the Township and Johns raised the issue of the six-month statute of limitations contained in 42 Pa.C.S. §5522(b)(1) asserting that Appellants cannot amend their complaint after the statute of limitations has run.

On May 7, 1997, the trial court granted the Township's and Johns' motion for judgment on the pleadings based on official and governmental immunity. The trial court reasoned that a cause of action against the Township based on negligence is barred by the doctrine of governmental immunity, 42 Pa.C.S. §8541 and that no exception therein is applicable. With respect to Johns, the trial court determined that a cause of action against him, acting in his capacity as the Township's sewage enforcement officer, based on negligence, is barred by the doctrine of official immunity, 42 Pa.C.S. §8545. The trial court also denied Appellants' motion to amend their complaint on the grounds that the applicable six-month statute of limitations for bringing an action against a governmental official had expired before the April 15, 1997 motion to amend filed by Appellants. This appeal followed.

■ In reviewing a grant of judgment on the pleadings, this court's review is limited to determining whether the trial court committed an error of law or abused its discretion. *Kerr v. Borough of Union City*, 150 Pa.Cmwlth. 21, 614 A.2d 338 (Pa.Cmwlth. 1992), *petition for allowance of appeal denied*, 534 Pa. 651, 627 A.2d 181 (1993). A motion for judgment on the pleadings is in the nature of a demurrer in which all of the non-movant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the non-movant party may be considered against him. *Id.* Such a motion may be granted only where the law is clear that a trial would be a fruitless exercise. *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa.Cmwlth. 629, 532 A.2d 1272 (1987), *petition for allowance of appeal denied*, 519 Pa. 656, 546 A.2d 60 (1988).

The only issue in this case is where Appellant's amended complaint alleges that the Township sewage enforcement officer engaged in willful misconduct, is the six month statute of limitations contained in 42 Pa.C.S. §5522(b)(1) applicable or is the two-year statute of limitations set forth in 42 Pa.C.S. §5524(7) applicable.

■ Generally, amendments to pleadings are liberally granted. However, an amendment may not introduce a new cause of action after the statute of limitations has run. *Willett v. Evergreen Homes Inc.*, 407 Pa.Super. 141, 595 A.2d 164 (Pa.Super.1991), *petition for allowance of appeal denied*, 529 Pa. 623, 600 A.2d 539 (1991). In this case, the original complaint filed by Appellants alleged negligence on the part of Johns and the Township. The proposed amended com-

summary judgment on November 19, 1997.

plaint alleged that Johns engaged in willful misconduct.[2]

Township and Johns maintain that the statute of limitations set forth in 42 Pa.C.S. §5522(b)(1) is applicable to this case, while Appellants maintain that 42 Pa.C.S. §5524(7) applies. The relevant portion of 42 Pa.C.S. §5522(b)(1) provides:

**(b) Commencement of action required.** – The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, *except an action subject to another limitation specified in this subchapter.*

(Emphasis added.) The relevant portions of 42 Pa.C.S. §5524(7) provide:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, *except an action or proceedings subject to*

*another limitation specified in this subchapter.*

(Emphasis added.) Both §5522(b)(1) and §5524(7) are in the same subchapter.

Appellants maintain that the critical language in §5522(b)(1), which contains the six-month statute of limitations, provides that it is applicable "except [where] an action [is] subject to another limitation specified in this subchapter." 42 Pa.C.S. §5522(b)(1). Thus, where a specific cause of action is addressed under a longer statute of limitations period, the six-month period is not applicable. Appellants rely on *Miller v. Emelson,* 103 Pa. Cmwlth. 437, 520 A.2d 913 (Pa.Cmwlth.1987), *petition for allowance of appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987) wherein a school district and its directors were sued for malicious prosecution. The trial court granted the directors' motion for summary judgment as the claims against them were not filed within the six-month period set forth in 42 Pa.C.S. §5522(b)(1). On appeal, this court reversed, noting that the six-month limitation period did not apply if the action being brought is subject to a longer limitation period. Because 42 Pa.C.S. §5524(1) specifically addresses malicious prosecution, the two year statute of limitations set forth therein was applicable.

In this case, because §5524(7) provides a two-year statute of limitations for "intentional, or otherwise tortious conduct", Appellants maintain that their allegation of willful misconduct properly falls within §5524(7) rather than §5522(b)(1).

In response, Johns and the Township point out that both 42 Pa.C.S. §5524(7) and 42 Pa.C.S. §5522(b)(1) contain the same limiting language. They also maintain that 42 Pa. C.S. §5522(b)(1) is applicable in this case and rely on *Borough of West Fairview v. Hess,* 130 Pa.Cmwlth. 385, 568 A.2d 709 (1989). In that case, the Borough maintained that the elected auditors of the borough, by negligence, error or neglect, failed to discover deficiencies in the borough's books. *Id.* at 713. The auditors maintained that the Judi-

---

**2.** Although official immunity is available to a government official for an action based on negligence, Pennsylvania does not recognize the defense of official immunity for a government official whose actions constitute willful misconduct, 42 Pa.C.S. §8550.

cial Code's six-month statute of limitations, 42 Pa.C.S. §5522(b)(1) expired before the borough initiated suit. This court agreed and rejected the borough's argument that in accordance with 42 Pa.C.S. §5524(6) a two-year statute of limitations applied. Specifically, 42 Pa.C.S. §5524(6) applies in an "action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon execution or otherwise in his possession." Because the auditors did not have in their possession funds that they collected on behalf of the borough, this court determined that 42 Pa.C.S. §5524(6) did not apply and the borough was bound by the six-month statute of limitations contained in 42 Pa.C.S. §5522(b)(1).

It should be noted that although this court held in *Borough of West Fairview*, that the borough's claim of negligence was governed by the six-month statute of limitations, we did so based on the reasoning that 42 Pa.C.S. §5524(6) did not apply. This court did not address the applicability of 42 Pa.C.S. §5524(7) which is at issue in this case. Nor did this court address the applicability of 42 Pa.C.S. §5524(7) in *Miller.*

Although not cited by either party, there are many federal court cases, including *Salaneck v. State Trooper Eric Olena*, 558 F.Supp. 370 (E.D.Pa.1983) which offer helpful analysis to the §5522, §5524 dilemma. Specifically, in *Salaneck*, the court observed that application of 42 Pa.C.S. §5522(b)(1), requires a two-step analysis to determine which claims are subject to the six-month period. "Specifically, courts first identify the facts underlying the complained-of state action. If the state has provided a statute of limitations for the specific conduct at issue, then that specific limitation period applies." *Id.* at 371. Where, however, the state activity which forms the basis of the claim does not admit to any specific limitation period, then reference must be made to §5521(b)(1) and the six-month limitation contained therein.

Thought of another way, the central question is not whether a cause of action is in some important sense related to the defendant's status as a public official. Rather, the decision to apply the residual limitation period of 42 Pa.C.S. §5522(b)(1) depends on whether another limitations period in the subchapter is applicable to the suit, notwithstanding the official status of the defendant. *In re City of Philadelphia*, 705 F.Supp. 1097, 1102 (E.D.Pa.1989).

Applying the rationale of *Salaneck*, we observe that tortious conduct, which would include Appellants' allegation of willful misconduct, is specifically listed in §5524(7). However, §5524(7), by its terms, is not applicable to claims against a government officer based on negligence or tortious conduct because §5524(7), unlike §5524(1)-(6), provides limiting language which states that the two-year statute of limitations is applicable "except [in] an action or proceeding subject to another limitation specified in this subchapter." Thus, because §5522(b)(1) provides a different limitation period for actions against government officers, it is applicable.

Accordingly, the order of the trial court is affirmed as Appellants' claim of willful misconduct is subject to the six-month statute of limitations contained in 42 Pa. C.S.§5522(b)(1).

### ORDER

NOW, November 18, 1998, the order of the Court of Common Pleas of Schuylkill County at No. S–94–1997, dated May 7, 1997, is affirmed.

DOYLE, J., concurs in the result only.