## Martin v. Montage Mountain

C.P. of Lackawanna County, no. 99-CV-3754.

*Timothy J. Holland,* for plaintiff.
*Hugh Emory,* for defendant.

MINORA, *J.,* June 1, 2000—On February 6, 1998, Gregory Martin was involved in a snowtubing collision at the Montage Mountain Ski Area, which is owned and operated by Lackawanna County. On July 21, 1999, Gregory Martin, and his wife Janet filed suit against Montage Mountain and Lackawanna County, asserting a claim of negligence for his injuries suffered as well as a claim for loss of consortium. In their answer and new matter, the defendants argue that the plaintiff had signed a release prior to using the snowtube which absolved the defendants of liability. The plaintiffs counter-argue that the release is inapplicable to this specific situation. Currently under consideration is the defendants' motion for a judgment on the pleadings. For reasons discussed below, this motion is denied.

## DISCUSSION

### I. *Standard of Review for a Judgment on the Pleadings*

A motion for a judgment on the pleadings permits the court to conduct an overall examination of the legal sufficiency of the pleadings. Based on this examination, the court then decides whether a judgment should be entered prior to trial. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988); *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991). A motion for a judgment on the pleadings, like a demurrer, views as true all of the non-moving party's well-pleaded allegations. However, only those facts specifically admitted by the non-moving party may be considered against him. *Stoppie v. Johns,* 720

A.2d 808, 809 (Pa. Commw. 1998) citing *Kerr v. Borough of Union City,* 150 Pa. Commw. 21, 614 A.2d 338 (1992). The motion may be granted only where the law is clear that a trial would be a fruitless exercise. *Stoppie, supra,* citing *E-Z Parks Inc. v. Philadelphia Parking Authority,* 110 Pa. Commw. 629, 532 A.2d 1272 (1987).

## II. *Standard of Review for a Valid Release Agreement*

A release is an agreement manifesting an intention to discharge another from an existing or asserted duty. Black's Law Dictionary, 6th Edition, p. 1289. The Pennsylvania Superior Court has set forth the following requirements for such an agreement to be valid:

"The contract must not contravene any policy of the law. It must be a contract between individuals relating to their private affairs. Each party must be a free bargaining agent, not simply one drawn into an adhesion contract, with no recourse but to reject the entire transaction. . . . However, to be enforceable, several additional standards must be met. First, we must construe the agreement strictly and against the party asserting it. Finally, the agreement must spell out the intent of the parties with the utmost particularity." *Kotovsky v. Ski Liberty Operating Corp.,* 412 Pa. Super. 442, 447, 603 A.2d 663, 665 (1992), citing *Zimmer v. Mitchell and Ness,* 253 Pa. Super. 474, 385 A.2d 437 (1978), *aff'd,* 490 Pa. 428, 416 A.2d 1010 (1980).

The Superior Court has shed further light on the term "adhesion contract." In *Kotovsky, supra,* it was determined that a release signed by the appellant to partici-

pate in a downhill ski race was not an adhesion contract because he was not required to enter into the contract, nor was the activity essential to his personal or economic well-being because it was a purely recreational activity. *Kotovsky, supra* at 447, 603 A.2d at 665. The Superior Court also determined that the Kotovsky agreement did not violate public policy because it was an agreement between private parties and did not affect the rights of the public. *Id.* at 447, 603 A.2d at 665-66.

### III. *The Release Signed by the Plaintiff*

The release signed by the plaintiff contained the following language in pertinent part.

"I accept for use *(as is)* any snowtube I will receive from Lackawanna County Montage and accept full responsibility for the care of the snowtube while in my possession.

"I understand that there are inherent and other risks involved in *snowtubing,* including the use of the lifts and snowtube, and that it is a dangerous activity/sport. These risks included but are not limited to collisions with other snowtubes and snowtubers . . . All of the inherent and other risks of *snowtubing* present the risk of serious and/ or fatal injury. *I voluntarily and expressly agree to assume all of these risks.*

*"I agree not to sue and hold harmless Lackawanna County Montage Ski Area and/or any employee of the aforementioned for loss or damage, including any loss or injuries that result from damages related to the use of a snowtube or lift, even if I claim they were negligent."*

See defendants' motion for judgment on the pleadings, exhibit "A." (emphasis in original)

It is the defendants' contention that this release serves to absolve them from liability for the plaintiffs' injuries. The plaintiffs feel otherwise.

## IV. *Analysis*

Initially, it is clear that the release signed by the plaintiff is neither a contract of adhesion, nor is it contrary to public policy. In this situation, the plaintiff's desire to snowtube was for purely recreational reasons. Furthermore, he was not required to enter the contract, nor was the activity essential to his economic well-being. So, it cannot be said that the release was a contract of adhesion. See *Kotovsky, supra* at 447, 603 A.2d at 665. Nor was the release against public policy because it was an agreement between two parties which did not affect the rights of the public at large. *Id.* at 447, 603 A.2d at 665-66. As such, the release is a valid and enforceable document. At issue, however, is whether this release applies to the situation at bar.

The plaintiffs' argument, in large measure, relies on the recent Superior Court case of *Hughes v. Seven Springs Farm Inc.,* 727 A.2d 135 (Pa. Super. 1999). In *Hughes,* the appellant obtained ski equipment from a ski shop after executing a release agreement. Subsequent thereto, while at the base of the slope, the appellant was struck by another skier. *Id.* at 136. The facts of *Hughes* do not expressly state the theory under which the appellant had sued the resort.

The release signed by the appellant contained the following language: "I agree to hold harmless and indemnify the ski shop and its owners, agents and employees for any loss or damage, including any that results from claims for personal injury or property damage *related to the use of this equipment,* except reasonable wear and tear." *Id.* at 138. (emphasis added) The trial court granted summary judgment in this matter under the theory that the release barred recovery. The Superior Court, however, reversed this decision, ruling that the language of the release "pertain[ed] only to the rental of ski equipment and injuries related to that rental [and that it was] not a release of the resort facility related to the use of the facility or any accident which may occur on the premises." *Id*

The plaintiffs' complaint in the matter sub judice alleges negligence related to the design of the snowtubing trail. See plaintiffs' complaint ¶¶19 and 30. The release signed by the plaintiff specifically states *"I agree not to sue [for] damages related to the use of a snowtube or lift."* See defendants' motion for judgment on the pleadings, exhibit "A." (emphasis in original) According to the reasoning discussed in *Hughes,* the release executed by the plaintiff would not serve to bar the plaintiffs' action, especially when considering (1) the fact that the plaintiffs' complaint alleges negligence in the design of the snowtubing trail, and not the equipment (see *Hughes, supra* at 138) and (2) the policy that we must construe the agreement strictly and against the party asserting it. *Kotovsky, supra* at 447, 603 A.2d at 665. This reasoning should at least allow the case to survive past the judgment on the pleadings and summary judgment phase. *Id.*

Accordingly, the defendants' motion for a judgment on the pleadings is denied. An appropriate order to this effect will follow.

## ORDER

And now, to wit, June 1, 2000, it is hereby ordered and decreed that the defendants' motion for judgment on the pleadings is denied.